## STATE v. PARKERSON.
No. 5728.

Circuit Court, Dade County, Criminal Appeal.

October 28, 1965.

Edward D. Cowart of Cowart, Dollar & Glassford, Miami, for appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for appellee.

HARVIE S. DuVAL, Circuit Judge.

This cause came on to be heard on the appeal of Walter Stacy Parkerson from his conviction in the metropolitan court of Dade County on charges of driving without lights and driving while under the influence of intoxicating liquor.

The court, having examined the record and heard argument of counsel, finds the appellant was properly adjudicated guilty.

The court further finds that the sentence was in error on two points.

In light of the record, the sentence to 48 hours in jail was excessive.

As to the costs imposed, the court on its own motion requested the state attorney to submit the authority or basis for determining the amount of costs imposed by the metropolitan court. The following excerpt taken from the minutes of the regular meeting of the metropolitan judges was furnished pursuant to said motion —

"It was moved, seconded and passed that the court establish a schedule of costs to be used as a guide only, which is as follows:

| | |
|---|---|
| Ordinary traffic cases | $ 5 |
| DWI, RD and LSA | 10 |
| RD or CT resulting in fatality | 25 |
| Warrant cases (without arrest) | 5 |
| Warrant cases (with arrest) | 15 |
| Jury trials | 25 |

"It is strongly suggested that each judge acquaint himself with the foregoing so as to have some degree of uniformity for the court costs imposed."

Such minutes are for a guide only and permit each judge to assess costs in any amount he desires — regardless of the actual costs incurred. Such authority is not vested in any other court of our judicial system and no such authority is vested in the metropolitan court of Dade County.

Costs may be taxed by the court but such costs must relate to the actual costs of the particular case — such as a specific amount for filing the complaint, warrant, service of process, witness fees, and so forth. These costs must be fixed by ordinance or at the very least by rule of court. The trial judge would then be able to lawfully tax costs in any amount up to the maximum of the specific costs incurred, but no more.

It is therefore ordered and adjudged that the convictions are affirmed as to the adjudication of guilt and fine imposed, but the sentence of incarceration is hereby suspended and the costs assessed are hereby deleted.